# Hampton L. Story et al.
## v.
# Thomas Carter.

*Sale—Evidence—Order—Subsequent   Conversation—Agency—Immaterial Issue—Instructions.*

1.   In an action to recover for a bill of lumber delivered upon a written order, evidence of a subsequent conversation tending to prove an agreement touching a detail of the transaction as to which the written order was silent, is admissible.

2.   Where a witness testifies that he acted as the agent of the plaintiff in making a sale, the question whether the property sold belonged to him, is immaterial.

3.   It is proper to refuse an instruction on an immaterial issue, or one that has no basis in the evidence.

[Opinion filed September 18, 1888.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Mr. Robert Van Sands, for appellants.

Mr. George Sparling, for appellee.

*Per Curiam.*   This action was brought to recover for a bill of lumber sold by appellee to appellants.   The case was tried by a jury and a verdict and judgment was rendered against appellant for $503.40.   On this appeal it is urged that

the court committed error in allowing a witness who sold the lumber to testify that, after a written order for the lumber had been given, a conversation was had in which the method of inspection of the lumber was agreed upon. We think there was no error in allowing a subsequent conversation tending to prove an agreement as to a detail of the transaction as to which the written order was silent.

Appellants asked an instruction in substance, that if the jury believed that the lumber belonged to the witness who made the sale and not to the plaintiff in the suit, they should find for the defendants. The said witness testified on the trial that she acted as the agent of plaintiff in making the sale, and there was no evidence on which to base the instruction asked. The matter was not material to appellant, as the witness having testified to plaintiff's right to maintain this suit, would be estopped from thereafter making a claim against appellants for the price of the lumber.

There was a conflict of evidence as to the quality and value of the lumber, but the verdict of the jury has settled such conflict, and there is no such preponderance of evidence against the verdict as would authorize interference by the court. There is no error and the judgment will therefore be affirmed.

*Judgment affirmed.*